## Wytheville.

SIMONS V. MILITARY BOARD OF VIRGINIA.

JUNE 20, 1901.

1. MANDAMUS—*Discretion—Military Board—Court Martial—Pay Roll.*— *Mandamus* will not lie to compel the "Military Board" to·pay a court-martial pay roll, as it is a matter within the discretion of said board, under the provisions of section 377 of the Code, and *mandamus* does not lie to control the conduct of a functionary who is invested with any discretion in the premises.

*Refused.*

Original application for mandamus.

*A. S. Lanier,* for the petitioner.

*Attorney-General A. J. Montague,* for the respondent.

HARRISON, J., delivered the opinion of the court.

This application, which invokes the original jurisdiction of this court, prays that a writ of mandamus may issue directed to the military board of Virginia, commanding them to approve a certain claim asserted by the petitioner against the Commonwealth of Virginia, for the sum of $87.50, with interest thereon for three years; and that the auditor of public accounts be directed to issue his warrant in favor of the petitioner for that sum, payable out of the "military fund."

The petitioner avers that in the year 1897 he was an officer, duly commissioned by the governor, with the rank of major, in the First Battalion of Artillery of the Virginia Volunteers; that

in September of that year he was detailed, with other officers of said volunteers, to serve on a general court-martial, in the city of Richmond, for the trial of such persons as might be properly brought before it; that in obedience to this order he, during a period of many months, attended nine sittings of such court; and that his claim of $87.50 is for nine days' service, being based upon the monthly rate of pay and allowance provided by law for an officer of his rank, and that his claim has been twice presented to the military board for its approval, and payment thereof refused.

The military board admits that the petitioner was detailed, and performed the services alleged, and that it declined to approve the account for such services. Respondent states that the petitioner was a resident of the city of Richmond, where the court-martial was held, and that it has been the unbroken practice not to pay for services rendered upon courts-martial when such courts are held at the place of residence of those serving thereon. Respondent further insists that it has full discretionary power in controlling and disbursing the military fund provided by statute; and that, in pursuance of such authority and discretion, respondent deemed it unwise and inexpedient to direct the payment of any sum for the services claimed; that no part of the military fund for the year 1897 is now in existence, or in any way available to meet an order drawn thereon by respondent.

Chapter twenty-one of the Code regulates the government of the volunteer militia of the state. There is no special provision therein for compensation to persons serving on a court-martial. Section 304 fixes the rate of compensation to be received by officers and privates, *"when called into the actual service of the state."*

Section 305 prescribes the character of the service for which such compensation is made, and only contemplates payment of officers and enlisted men for services rendered pursuant to the call of the sheriff of any county, or the mayor of any city, *"in*

*cases of riot, tumult, breach of the peace, resistance to process, or whenever called out in aid of the civil authorities."*

It seems clear that there is no provision made by either of these sections for the payment of a court-martial pay-roll.

We are of opinion that section 377 of the Code reposes in the military board a discretion with respect to this matter that cannot be interfered with by mandamus. That section is as follows:

" For the purpose of controlling and directing the expenditures and disbursements provided for in this chapter, the Governor, the Adjutant-General, the Senior Officer of Volunteers, the Assistant Inspector-General, and the Secretary of the Commonwealth, shall be, and are hereby, created a board to be known as the 'Military Board'; upon the order in writing of any three of whom, but not otherwise, the Auditor of Public Accounts shall issue his warrant for such sum as shall be directed, payable out of the Military Fund. But no bill, claim, or allowance shall be ordered for payment by said board unless it is itemized, and its correctness sworn to, for which purpose any member of the board may administer the oath. Expenditures not specially provided for in this chapter, but manifestly in execution of its general purpose, and for the evident benefit of the volunteer service, may be made by said board, but only on the concurrence and the order in writing of all the members."

Under this section the board must determine whether the contemplated expenditure is manifestly in execution of the general provisions of chapter 21 of the Code, and whether or not the claim in question is for the evident benefit of the service. The discretion of the board is made still more apparent by the latter part of the section, which provides that there can be no disbursement in payment of a claim not specially provided for, except upon the concurrence and order in writing of all the members of the board.

One of the marked characteristics of a proceeding by mandamus is that if the functionary whose conduct is complained of is by law to exercise *any discretion*, that discretion will not be controlled by a writ of mandamus, for that would be to transfer

the discretion which the law commits to the functionary to the court which undertakes to award the writ.

This court has so repeatedly, of late, stated the law on this subject, and cited the authorities, that it is not deemed necessary to do more than refer to the recent case of *Broaddus* v. *Supervisors, ante,* p. 370.

The writ is denied.

*Refused.*